**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 28, 2014[*]
Decided August 5, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3816

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of |
| | Illinois, Eastern Division |
| *v.* | |
| | No. 09 CR 67-2 |
| ELIZABETH ROBERTSON, | |
| *Defendant-Appellant*. | Joan Humphrey Lefkow, |
| | *Judge*. |

**O R D E R**

After carrying out a mortgage fraud scheme with her husband, appellant
Elizabeth Robertson pled guilty to wire fraud pursuant to a written agreement. See 18

---

[*] After an examination of the briefs and the record, we have concluded that oral
argument is unnecessary. Thus, the appeal is submitted on the briefs and the record to
the panel that considered the appellant's previous appeals. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1343. In the agreement, Robertson acknowledged that the scheme caused the victim-lenders to lose approximately $742,000 and that she would be ordered to make full restitution under the Mandatory Victims Restitution Act. See 18 U.S.C. § 3663A. She was sentenced in 2011 to 41 months of imprisonment with two years of supervised release and ordered to pay $742,832 in restitution.

Robertson and her husband appealed. We vacated their sentences and remanded for further consideration of unusual evidence of self-motivated rehabilitation during the twelve years between commission of the crime and sentencing. *United States v. Robertson*, 662 F.3d 871, 879–80 (7th Cir. 2011). On remand in 2012, Mrs. Robertson received a shorter prison sentence of 30 months with the same supervised release and restitution.

Mrs. Robertson and her husband appealed again. She argued—as she had unsuccessfully in her first appeal—that she should have been sentenced using the 1998 Sentencing Guidelines (from the time of the crime) rather than the 2010 Guidelines (from the time of her sentencing). The 1998 Guidelines produce a lower advisory guideline sentencing range. While the second appeal was pending, the Supreme Court overruled this circuit's prior case law (which the district court had followed) and held that using post-offense guidelines to establish a higher guideline sentencing range than would have applied under the guidelines in effect at the time of the offense violates the Ex Post Facto Clause of the Constitution. *Peugh v. United States*, 133 S. Ct. 2072 (2013), overruling *United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006). We therefore vacated both Robertsons' sentences again. *United States v. Robertson*, Nos. 12-1381 & 12-1383, ECF No. 43 (7th Cir. Nov. 25, 2013). On remand, the district court resentenced Mrs. Robertson to time served and no supervised release, but it did not modify the restitution order.

Mrs. Robertson has appealed a third time. She now challenges the restitution order, arguing that § 3663A violates the Sixth Amendment (or, if viewed as a civil penalty, the Seventh) by depriving the convicted defendant of a jury's determination of restitution. But she did not contest restitution in her first sentencing appeal when the issue was ripe. "[A]ny issue that could have been but was not raised on appeal is waived." *United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002); see also, e.g., *United States v. Locke*, No. 11-3743, 2014 WL 3563360, at *4, ___ F.3d ___ , ___ (7th Cir. July 21, 2014). The issue not raised on appeal is waived, not just forfeited, because the failure to raise an issue places it outside the scope of any remand. *United States v. Barnes*, 660 F.3d 1000, 1006 (7th Cir. 2011); *Husband*, 312 F.3d at 250–51.

Mrs. Robertson counters that her argument could not have been waived because she claims an as-yet-unrecognized right to have a jury determine the amount of

restitution. She argues that she could not have waived a right that did not and does not yet exist. This circular logic does not save her appeal. The critical Supreme Court decisions underlying her argument had been decided before either of the previous sentencing appeals. See *United States v. Booker*, 543 U.S. 220 (2005); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). If Mrs. Robertson had an objection to the restitution order, the time to make it was as part of her first appeal.

Since Mrs. Robertson's only argument in this appeal was waived three years ago, the judgment is AFFIRMED.